UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| NATHANIEL JAMES DAVIS, JR., | ) | CASE NO. C09-0574-RSM-MAT |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER DENYING PLAINTIFF'S |
| | ) | SECOND MOTION FOR |
| STATE OF WASHINGTON, et al., | ) | APPOINTMENT OF COUNSEL |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the Court on plaintiff's second motion for appointment of counsel. The Court, having reviewed plaintiff's motion, and the balance of the record, does hereby find and ORDER:

(1) Plaintiff's second motion for appointment of counsel (Dkt. 14) is DENIED. As plaintiff was previously advised, there is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th

Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331. Plaintiff has not, at this juncture, demonstrated any likelihood that he will succeed on the merits of his case. Thus, plaintiff has not demonstrated that this case involves exceptional circumstances which warrant appointment of counsel.

(2) The Clerk shall send a copy of this Order to plaintiff.

DATED this 12th day of August, 2009.

Mary Alice Theiler
United States Magistrate Judge